IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AARON THORNTON and TRICIA THORNTON, Husband and Wife,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>STATE FARM INSURANCE COMPANIES,<br><br>　　　　　Defendant. | CASE NO. 8:13CV117<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Statement of Objections to Magistrate Judge's Order (Filing No. 28), filed by the Defendant State Farm Insurance Companies ("State Farm"). Plaintiffs Aaron Thornton and Tricia Thornton (collectively "Plaintiffs") filed a Brief in opposition to State Farm's Objections. Both parties also rely on the arguments and evidence presented previously with respect to State Farm's Motion to Bifurcate (Filing No. 13). For the reasons stated below, State Farm's objection to Magistrate Judge Gossett's Order (Filing No. 27) will be overruled.

BACKGROUND

On July 19, 2012, Plaintiff Aaron Thornton ("Thornton") was involved in a motorcycle accident. (Filing No. 15-1 ¶¶ 2,4.) At the time of the accident, Thornton was a named insured under a policy of insurance issued by State Farm. (*Id.* ¶ 2). Thornton alleges that State Farm is liable for (1) breach of the insurance contract for underinsured motorist benefits, (2) Plaintiff Tricia Thornton's loss-of-consortium claims, and (3) bad faith in handling Thornton's claim. (*See* Filing No. 15-1 at ECF 3-7.) Thornton served Interrogatories, Requests for Production of Documents, and Requests for Admission, seeking information related to State Farm's corporate claims resolution

practices. (See Filing No. 15-2.)  In its Motion to Bifurcate, State Farm argues that Thornton's causes of action are unrelated and distinct claims which, if tried together, would be prejudicial to State Farm. Accordingly, State Farm requested that the Court order Thornton's breach-of-contract and loss-of-consortium claims to be tried separately and prior to his bad-faith claim. In addition, State Farm argues that Thornton's bad-faith claim is contingent on the resolution of Thornton's underinsured-motorist-benefits claim, and discovery regarding Thornton's bad-faith claim should be stayed until the underlying breach-of-contract claim is resolved.

Magistrate Judge Gossett denied the Motion to Bifurcate, reasoning that the evidence before the Court did not demonstrate that staying discovery proceedings related to the bad-faith claim would promote expeditious progression and resolution of this case.  Judge Gossett also concluded that the issue of bifurcation could be considered a later time, when the Court can better assess whether trying the claims together would unduly prejudice State Farm or lead to jury confusion.

## STANDARD

When a party objects to a magistrate judge's order on a nondispositive pretrial matter, a district court may set aside any part of the order shown to be clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  "'A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Saleen v. Waste Mgmt., Inc.*, 649 F. Supp. 2d 937, 943 (D. Minn. 2009) (quoting *Chase v. Comm'r of Internal Revenue,* 926 F.2d 737, 740 (8th Cir.1991)) (internal quotation marks omitted).  "An order is contrary to law if it fails to apply or

misapplies relevant statutes, case law, or rules of procedure." *Haviland v. Catholic Health Initiatives-Iowa, Corp.*, 692 F. Supp. 2d 1040, 1043 (S.D. Iowa 2010) (internal quotation marks and citation omitted).

## ANALYSIS

The Court has conducted a de novo review of Judge Gossett's Order, and concludes that State Farm has not demonstrated that the Order is clearly erroneous or contrary to law. Judge Gossett correctly stated that State Farm bears the burden of demonstrating that bifurcation is necessary in this case. *See Athey v. Farmers Ins. Exch.*, 234 F.3d 357, 362 (8th Cir. 2000). Judge Gossett acknowledged that a separate trial on the coverage and bad-faith claims may be justified where evidence relevant to a bad-faith claim may be prejudicial in the coverage litigation. *See e.g. O'Malley v. United States Fidelity and Guar. Co.*, 776 F.2d 494, 501 (5th Cir. 1985); *Agrawal v. Paul Revere Life Ins. Co.,* 182 F.Supp.2d 788, 791 (N.D.Ohio [Iowa] 2001); *South Hampton Refining Co. v. National Union Fire Ins. Co. of Pittsburgh, Pa.,* 875 F.Supp. 382, 384 (E.D.Tex., 1995) (severing the claims in this case but noting that "contract claims and bad faith claims may be tried together in certain instances"). Bifurcation is not a requirement in such cases, however, and the issue should be determined on a case by case basis. *See e.g., Athey*, 234 F.3d at 362; *Lewis v. City of New York,* 689 F.Supp.2d 417, 428 (E.D.N.Y.2010); *L–3 Commc'ns Corp. v. OSI Sys., Inc.*, 418 F.Supp.2d 380, 382 (S.D.N.Y.2005).

It is too early to determine whether bifurcation is appropriate in this case. The parties have conducted little discovery, and State Farm has not met its burden of

3

demonstrating that bifurcation is warranted, or that Judge Gossett's ruling was clearly erroneous. Accordingly,

IT IS ORDERED: the Statement of Objections to Magistrate Judge's Order (Filing No. 28), filed by the Defendant State Farm Insurance Companies, is overruled.

Dated this 31st day of December, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge